By the Court.
The petition charged that by a policy dated June 30,1876, defendant insured the life of L’s father for the benefit of L.; that L. had duly paid four annual premiums of 1209.46 each and tendered a fifth at the proper time and place; that defendant wrongfully refused to accept it; that L. thereupon gave notice that he rescinded the contract and demanded payment of the four premiums and interest, which defendant refused to pay. The answer averred that the polic3r contained a stipulation and condition that unless all the statements made in the application for the same were true, the said policy should be void, and all payment of premiums made thereon should be forfeited to the defendant, and the application for the policy contained a statement that Michael Lowe, the person whose life was covered by the terms of said policy, was fifty-eight (58) years of age at the date of said policy, when in truth he was several years older than the age fixed by said statement.”
There was no reply. The only evidence offered at the trial was the policy. After verdict for defendant, L. moved for judgment on the pleadings notwithstanding the verdict. This the court refused and rendered judgment on the verdict.
*274 Held: The last “proviso” in Sec. 18, Chap. 2, of the Insurance Act, passed April 27, 1872, as amended by the act of April 2,1878, (70 Ohio Laws, 99), did not repeal Sec. 32 of said chapter and act. (69 Ohio Laws, 160.) The words in the act of 1873, conflicting with said Sec. 32, modified the terms on which the right to do business in Ohio was granted to companies of other States. While the}' deprived foreign companies of the right to set up an untrue statement as to age, it left Sec. 32 in full force as to Ohio companies.

Judgment affirmed.